IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ELBONY WEATHERSPOON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:24-cv-01207 |
| CITY OF MURFREESBORO, et al., | ) | JUDGE CAMPBELL |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Elbony Weatherspoon, a resident of Murfreesboro, Tennessee, has filed a pro se action under state and federal law against Defendants City of Murfreesboro, Murfreesboro Police Department, Murfreesboro Emergency Communications, and District Attorney Morgan Brown. (Doc. No. 1.) Plaintiff sues under 42 U.S.C. § 1983 for violation of her due process rights, and also claims negligence under the Tennessee Governmental Tort Liability Act (TGTLA). (*Id.* at 3.) Plaintiff did not pay the civil filing fee but filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

The case is before the Court for ruling on the IFP application and preliminary review of the Complaint.

### I. IFP APPLICATION

Plaintiff's IFP application lists monthly expenses that approximate her monthly income, and minimal assets. It therefore appears that Plaintiffs cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

### B. Analysis

1. <u>Facts</u>

Plaintiff alleges that she was involved in a domestic assault with a deadly weapon on August 31, 2023. (Doc. No. 1 at 5.) Prior to this incident, Plaintiff had called the police regarding Michael Thibodeau, her apparent assailant, on multiple occasions. (*Id.*) Although Plaintiff had previously informed the Murfreesboro police officers who responded to her calls "about her missing weapon," the missing weapon was not included in the police report, nor was any follow

2

up conducted. (*Id.*) Despite the fact that Officer Pendercrast had established a "special relationship" with Plaintiff, neither he nor any other police officer investigated Thibodeau or obtained a warrant for his arrest. (*Id.*) Police "did not take action to safeguard the Plaintiff and her family from potential harm," resulting in emotional distress and psychological trauma for Plaintiff and her children. (*Id.* at 5, 6.) Plaintiff charges Defendants with a "failure to act and protect" her "when there was a duty to do so, depriving the Plaintiff of her right to personal security and liberty" and violating her Fourteenth Amendment Due Process rights. (*Id.* at 5.) She also charges Defendants with negligence for failing to act. (*Id.* at 3, 5–6.) As relief, Plaintiff seeks an award of compensatory and punitive damages. (*Id.* at 6.)

    2. Conclusions

The Complaint presents two claims, one under federal law and one under Tennessee law. Both claims are based on the failure of Murfreesboro authorities to act to assure Plaintiff that she would remain safe from Thibodeau, whom she alleges had taken a weapon from her—an allegation which authorities knew of but did not include in their reports. Plaintiff's federal due process claim is based on this failure to act and failure to report the missing weapon, despite the familiarity Murfreesboro Police had with Plaintiff and Thibodeau after "multiple occurrences" of domestic disturbances requiring their intervention. (Doc. No. 1 at 4–5.) However, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"; "[i]ts purpose was to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989). Accordingly, public officers generally cannot be held constitutionally responsible for private acts or threats of violence.

There are two exceptions to this general rule. The first exception applies in cases where the State has prevented the plaintiff from protecting his or her own interests "through incarceration, institutionalization, or other similar restraint of personal liberty." *Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006). The second exception applies when the State or local government creates the danger by "caus[ing] or greatly increas[ing] the risk of harm to its citizens . . . through its own affirmative acts." *Id.* (quoting *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)).

Plaintiff is not incarcerated or otherwise restrained by the State or local government; thus, despite her allegation that she had a "special relationship" of trust with Officer Pendercrast (Doc. No. 1 at 5), that relationship could not have triggered a duty to protect her from Thibodeau. *See Peach v. Smith County*, 93 F. App'x 688, 691 (6th Cir. 2004) ("special relationship" that would trigger duty of protection occurs only in cases where injured party is in government custody). Plaintiff's due process claim must therefore be based on a state-created danger to advance beyond initial review—that is, it must be based on a danger from Thibodeau that Defendants allegedly caused or increased by some affirmative act of theirs.

The Complaint simply alleges that Defendants failed, "despite probable cause and available evidence" (Doc. No. 1 at 5), to restrain Thibodeau or otherwise to act non-negligently in accord with their law enforcement duties. "But a failure to act is not an affirmative act under the state-created danger theory—as numerous cases demonstrate." *Jones*, 438 F.3d at 691–92 (collecting cases); *cf. Peach*, 93 F. App'x at 691 (holding that "no evidence exists that the Smith County defendants' actions created the danger at issue," despite their failure to seize weapons after arresting boyfriend against whom they knew girlfriend had previously obtained an order of protection, and despite the fact that boyfriend later shot and killed girlfriend). Because Defendants

4

are not alleged to have created a danger to Plaintiff by some affirmative act, but only to have failed to act to protect Plaintiff from a danger not of their making, they cannot be liable under the Fourteenth Amendment. Plaintiff's due process claim must be dismissed.

This leaves only Plaintiff's claim for negligence under the TGTLA. "Because there is no diversity of citizenship between the parties, the only basis for a federal court to exercise jurisdiction over [Plaintiff's] remaining state-law claim[] would be under the supplemental-jurisdiction provisions of 28 U.S.C. § 1367." Weser v. Goodson, 965 F.3d 507, 518–19 (6th Cir. 2020). However, "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." Id. (citing Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009)). Accordingly, Plaintiff's TGTLA claim will be dismissed without prejudice to her ability to pursue it in state court.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any viable claim within the original jurisdiction of this Court. The dismissal is without prejudice to Plaintiff's ability to pursue her state-law claims in state court.

In light of this outcome, the motion pending in this matter (Doc. No. 7) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE